UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 08-80561-Civ-Cohn/Seltzer

FLORENCE HEWITT and HON. ROBERT
S. HEWITT, her husband,

      Plaintiffs,

v.

QUEST DIAGNOSTICS, INC.,

      Defendant.
_____/

**ORDER GRANTING MOTION FOR LEAVE TO DISCLOSE WITNESS**
**ORDER GRANTING MOTION FOR CONTINUANCE**
**ORDER DIRECTING FURTHER MEDIATION BEFORE U.S. MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon Defendant's Motion to Strike Plaintiff's Fourth Amended Disclosure, or, Alternatively, for Leave to Disclose an Additional Witness Out of Time and to Extend the Fact Discovery Deadline [DE 29] and Plaintiff's Motion for Continuance [DE 33]. The Court has carefully considered the motions, responses and reply thereto, and is otherwise fully advised in the premises.

I.  MOTION TO STRIKE OR TO DISCLOSE LATE WITNESS AND EXTEND DISCOVERY

      Defendant filed a motion seeking to either strike late witness disclosure of Plaintiffs or to allow its own late witness disclosure and extend the discovery period to allow for depositions of these late disclosed witnesses. Plaintiff opposes the motion, arguing that the nature of the witnesses' testimony commands that the two late disclosures be handled differently.

      Fact discovery in this personal injury case closed on Friday, November 14, 2008.

The following Wednesday, Plaintiff disclosed an additional two witnesses, family members of Plaintiffs, who were to testify regarding pain and suffering damages.  Six business days later (after the Thanksgiving holiday weekend), Defendant disclosed a new witness, Adria Marallo, a management level employee of Defendant.  Both sides' reason for the late witness disclosure rests solely on counsel's belief that the merits of their respective cases needed more evidentiary support.  Thus, neither side has a valid reason for the late disclosure.

However, under Rule 37 of the Federal Rules of Civil Procedure, the Court must look to potential prejudice of striking a witness, even one disclosed after the discovery deadline.  Plaintiffs argue that merely adding an additional two pain and suffering witnesses does not present any surprise to Defendant and will not lead to any need for further discovery.  On the other hand, Plaintiffs assert that allowing Defendant to now bring in a management level employee to testify opens up additional areas for discovery and is prejudicial to Plaintiff.  Defendant relies on the argument that either both sides late witnesses are stricken or allowed.

The other pending motion that is relevant to a determination of the relative prejudice of these late disclosures is Plaintiffs' motion for a four month continuance. Defendant does not oppose the motion for continuance and cites its filing as a reason to allow both late disclosures given the additional time available for depositions if the continuance is granted.

The Court concludes that although Plaintiff has a valid point that not all late disclosed witnesses should necessarily be treated the same, under the circumstances of

this case and the Court's granting of Plaintiff's motion for continuance, the Court will grant not strike Plaintiff's witnesses and will grant Defendant's motion for leave to add its late witness.  The Court will extend fact discovery until January 31, 2009, solely for the purposes of any discovery directed at these three late witnesses (written discovery requests due by January 9, 2009).[1]  No other deadline is extended.

## II.  MOTION FOR CONTINUANCE

Plaintiffs seek a four month continuance due to counsel's busy trial schedule of older and more complex state court actions.  Plaintiffs' lead counsel has two separate four to six week trials set in February and April of 2009.  Defendant does not oppose the motion.

The Court will grant the motion, though Plaintiffs' request for a June 1 trial setting conflicts with this Court's availability in early June.  The Court will reset the trial for Calendar Call on June 18, 2009.

## III.  FURTHER MEDIATION REQUIRED

Upon a review of the docket, it appears that the parties filed a joint statement stating that they attended mediation at the outset of this case on June 6, 2008 [DE 10]. Given the pending completion of discovery and the extended trial continuance, the Court directs the parties to attend a further mediation before United States Magistrate Judge Peter Palermo in Miami, Florida.  Given Plaintiff's counsel's schedule, this mediation can

---

[1] If Plaintiffs believe that the deposition of Adria Marallo has opened the door to necessary additional discovery, after an attempt to resolve the need for such additional discovery with Defendant, Plaintiffs may file any appropriate motion related to such discovery at that time.

presumably take place in late March of 2009, in between counsel's conflicts, but the Court only directs that such a settlement conference take place prior to May 29, 2009.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike Plaintiff's Fourth Amended Disclosure is hereby DENIED;

2. Defendant's Alternative Motion for Leave to Disclose an Additional Witness Out of Time and to Extend the Fact Discovery Deadline [DE 29] is hereby **GRANTED**;

3. Plaintiff's Motion for Continuance [DE 33] is hereby **GRANTED**;

4. This matter is referred to United States Magistrate Judge Peter Palermo for a settlement conference to be scheduled by Judge Palermo;

5. The following pretrial deadlines shall now apply to this case:

| | |
|---|---|
| Joinder of parties and Amendment of Pleadings | Deadline passed |
| Discovery cutoff (only for specified discovery) | January 31, 2009 |
| Dispositive pretrial motions and Motions to Exclude or Limit Expert Testimony | deadline passed |
| Mediation Deadline | May 29, 2009 |
| Motions in limine | June 4, 2009 |
| Joint Pretrial Stipulation | June 12, 2009 |
| Responses to Motions in Limine and Deposition Designations for Trial for Unavailable Witnesses | June 15, 2009 |

4

       Proposed Jury Instructions and any      Calendar Call
       Counter-designations and objections to
       Deposition designations

6.    This case is reset for trial on the two week trial period commencing June 22, 2009, with the Calendar Call reset for Thursday, June 18, 2009 at 9:00am.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of December, 2008.

*[signature]*
JAMES I. COHN
United States District Judge

Copies furnished:

All counsel of record

Magistrate Judge Palermo (via fax)